UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL D. SMITH,<br><br>          Plaintiff,<br><br>     vs.<br><br>RYAN KIM, et al.,<br><br>          Defendants. | No. 1:20-cv-00318-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 34.)**<br><br>**OBJECTIONS, IF ANY, DUE BY <u>MAY 26, 2023</u>** |

Plaintiff Darrell D. Smith is a former state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.

On March 3, 2023 (ECF No. 34), the Court issued an order requiring Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment filed on February 9, 2023, within thirty days.  (ECF No. 32.)  The thirty-day time period has now passed, and Plaintiff has not filed an opposition, statement of non-opposition, or any other response to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since March 2, 2020. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not defend his case against summary judgment. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file a response to the motion for summary judgment that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a former prisoner proceeding *pro se*, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that three months have passed since Defendants filed the motion for summary judgment, and Plaintiff has yet to appropriately respond. Moreover, Plaintiff was forewarned in the Court's order of March 3, 2023 that if he failed to comply with the Court's order, this action may be dismissed, with prejudice, for failure to comply with the Court's order and failure to prosecute. (ECF No. 34.)

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed, with prejudice, based on Plaintiff's failure to obey the Court's order of March 3, 2023 and failure to prosecute. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **On or before May 26, 2023**, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 6, 2023**                              **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE